IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREVEON DOMINIQUE | § | |
| ANDERSON, #07559-479, | § | |
| Movant, | § | |
| | § | No. 3:21-cv-02421-K |
| v. | § | No. 3:14-cr-00340-K-9 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Treveon Dominique Anderson ("Anderson") filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (CV Doc. 2.) For the reasons addressed below, Anderson's motion to vacate is DENIED with prejudice, and a certificate of appealability (COA) is denied.

### I. BACKGROUND

Anderson pleaded not guilty and proceeded to trial in October 2018. At trial, he was found guilty of the following: (1) conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Hobbs Act robbery); (2) interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2; (3) using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and (4) kidnapping and aiding and abetting, in violation of 18 U.S.C. §§ 1201(a)

and 2. On May 29, 2019, the Court sentenced Anderson to a total term of 324 months' imprisonment, and he was also ordered to pay $370,718.72 in restitution.

Anderson appealed to the Fifth Circuit Court of Appeals. On June 30, 2020, the Fifth Circuit Court of Appeals affirmed this Court's judgment. *See United States v. Anderson*, 819 F. App'x 220 (5th Cir. 2020) (per curiam). On September 28, 2021, Anderson filed his § 2255 motion. In it, Anderson argues:

(1) His attorneys provided ineffective assistance of counsel pretrial when they failed to

   a. communicate with him and inform him of the circumstances and consequences of pleading guilty;

   b. file a motion to dismiss based on multiplicity;

   c. review, discuss, and explain the discovery to him;

   d. conduct an adequate and independent pretrial investigation; and

   e. attempt to negotiate a favorable plea agreement.

(2) His attorneys provided ineffective assistance of counsel at trial when they failed to

   a. inform him of the strategy, including affirmative defenses and theory of the defense;

   b. properly cross-examine the government's witness; and

   c. argue the evidence presented at trial did not place him at the crime scene.

(3) His attorneys provided ineffective assistance of counsel at sentencing when they failed to

   a. review the Presentence Report (PSR) with him prior to sentencing;

2

    b. file substantive objections to the PSR; and

    c. argue in favor of mitigation of punishment and object to his sentence being substantively unreasonable.

(4) His appellate attorney provided ineffective assistance of counsel when he failed to

    a. communicate with him about his direct appeal;

    b. permit him to participate in his direct appeal; and

    c. raise stronger issues that were available.

## II. DISCUSSION

**1. Anderson has failed to show his trial attorneys and appellate attorney provided ineffective assistance of counsel.**

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

3

### a. Pretrial Ineffective Assistance of Counsel

#### 1. Lack of communication

Citing Rule 1.4 of the Texas Rules of Professional Conduct, Anderson argues his trial attorneys, E X Martin, III and Carolyn A. Hill, provided ineffective assistance of counsel when they failed to communicate with him. (CV Doc. 2 at 4; CV Doc. 7 at 16.) Specifically, he contends there was "not any reasonable communication," and his attorneys failed to inform him of the relevant circumstances and likely consequences of pleading guilty rather than going to trial. (CV Doc. 2 at 4; CV Doc. 7 at 16.) Anderson further contends Hill estimated his sentence would be around 14 to 15 1/2 years if he pleaded guilty, and he would face a sentence of 102 years if he were convicted at trial. (CV Doc. 7 at 17.) He concludes his attorneys failed to disclose plea offers from the government, and due to this lack of communication with his attorneys, he was essentially precluded from participating in his own defense. *Id.*

This claim must fail under *Strickland* because Anderson's allegations do not demonstrate his attorneys provided deficient performance or that he was prejudiced. The Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers, and effective counsel is "a right that extends to the plea bargain process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Missouri v. Frye*, 566 U.S. 134, 144-45 (2012). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. A movant

4

must prove "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164. In this case, Anderson argues his attorneys failed to disclose plea offers from the government, but he has failed to demonstrate a plea offer was made. Moreover, he does not allege what the material terms of the plea offer were, and he does not state how or when the plea offer was made. Likewise, Anderson also fails to allege he and the court would have accepted the plea agreement had it been properly communicated to him by his attorneys.

In addition, Anderson argues Hill estimated his sentence would be around 14 to 15 1/2 years' imprisonment if he pleaded guilty, and he would face 102 years' imprisonment if he were convicted at trial. Anderson has not shown this was somehow deficient performance under *Strickland*, and he also has failed to show prejudice. Anderson does not allege his decision to proceed to trial rather than pleading guilty was somehow based on Hill's estimate of what his sentence would be. *See Lafler*, 566 U.S. at 174.

This claim fails under both prongs of the *Strickland* standard, and it is denied.

**2. Motion to dismiss**

Next, Anderson argues his attorneys provided ineffective assistance of counsel by failing to file a motion to dismiss based on "multiplicity" based on an argument that his Hobbs Act robbery charge and kidnapping charge were "one in the same." (CV Doc. 2 at 4; CV Doc. 7 at 18.)  He further argues that because his attorneys did not raise the issue before the trial court, he was foreclosed from raising it on direct appeal. (CV Doc. 7 at 17.)  Anderson concludes that if his attorneys had filed a motion to dismiss based on multiplicity, there is a reasonable likelihood it would have been granted, and his kidnapping counts would have been dismissed.  *Id.* at 18.

This claim fails because a motion to dismiss based on multiplicity would have been denied as meritless.  "An indictment is multiplicitous if it charges a single offense in separate counts." *United States v. Woerner*, 709 F.3d 527, 538–39 (5th Cir. 2013); *see also United States v. Ogba*, 526 F.3d 214, 232–33 (5th Cir.2008) ("A challenge to multiplicity invokes the Double Jeopardy Clause, which protects against multiple punishments for the same offense, where Congress has not authorized cumulative punishment for one offense.") (internal quotation marks and citation omitted). The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V.  For double jeopardy to apply, the "successive punishment at issue" must be a "'criminal' punishment," which is determined by the face of the statute because Double Jeopardy only protects against the imposition of two or more criminal punishments for the same offense. *Ogba*,

6

526 F.3d at 233 (internal quotation marks omitted) (quoting *Hudson v. United States*, 522 U.S. 93, 101 (1997)); *see also Helvering v. Mitchell*, 303 U.S. 391, 399 (1938).

When determining whether indictments would allow multiple prosecutions for the same offense, a court should apply the *Blockburger* test, also referred to as the "same-elements" test. *Blockburger v. United States*, 284 U.S. 299 (1932); *see also Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975) (recognizing the *Blockburger* test serves to identify congressional intent to impose separate sanctions for multiple offenses arising out of a single act or transaction). The *Blockburger* test asks whether each provision of a statutory offense requires proof of an element the other does not. *See Blockburger*, U.S. at 304. When the elements are the same, the crimes charged are "the 'same offense' and double jeopardy bars additional punishment and successive prosecutions." *Milner v. Johnson*, 210 F.3d 368, 368 (5th Cir. 2000) (per curiam) (quoting *United States v. Dixon*, 509 U.S. 688, 696 (1993)). When "each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Innelli*, 420 U.S. at 785 n.17.

In this case, under the *Blockburger* test, there was no multiplicity issue that Anderson's attorneys should have addressed. Hobbs Act robbery requires taking personal property and interference with commerce, and neither of these elements is required by kidnapping. *See United States v. Buck*, 847 F.3d 267, 275-76 (5th Cir. 2017). Kidnapping requires the seizure or movement of a person, and this is not also an element of Hobbs Act robbery. *See Anderson*, 819, F. App'x at 221. In sum, Hobbs

7

Act robbery and kidnapping convictions are two distinct offenses, and there was no multiplicity issue. And for this reason, Anderson's attorneys did not provide deficient performance by failing to raise a frivolous motion to dismiss. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (counsel cannot be found deficient for failing to press a frivolous argument). Likewise, Anderson has failed to show he was prejudiced. This ineffective assistance of counsel claim fails under both prongs of the *Strickland* standard, and it is denied.

### 3. Review discovery

Anderson argues his attorneys failed to review, discuss, and explain the discovery to him. (CV Doc. 2 at 4.) He further argues he "repeatedly requested" to see his discovery so that he could make an informed decision to plead guilty or go to trial, but he was "never shown any discovery." (CV Doc. 7 at 18.)

This claim fails because Anderson has not alleged prejudice. *See Strickland*, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). To prevail on the prejudice prong of the *Strickland* test, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In this case, Anderson does not allege that if discovery had been properly shown to him, he would have chosen to plead guilty rather than go to trial. Moreover, it seems very unlikely Anderson would have decided to plead guilty regardless. Anderson concedes that he

8

always maintained his innocence. (CV Doc. 7 at 19.) Further, at sentencing, Anderson stated, "I went to trial because I'm innocent. And this stuff that was presented in trial proves that I was innocent." (CR Doc. 712 at 10.)

In sum, Anderson has failed to allege prejudice, and this ineffective assistance of counsel claim fails under *Strickland*. This claim is denied.

### 4. Pretrial investigation

Anderson next argues his attorneys failed to conduct any adequate and independent pretrial investigation. (CV Doc. 2 at 4.) Specifically, he contends that his attorneys should have interviewed witnesses prior to trial. (CV Doc. 7 at 19.) Anderson contends that he always maintained his innocence, and from the limited information his attorneys provided him, he thought he had a "good chance" of being acquitted. *Id.* He concludes the facts underlying this claim are limited to private conversations between him and his attorneys, and an evidentiary hearing is necessary to address this issue. *Id.*

A claim that an attorney provided ineffective assistance of counsel because he did not adequately conduct a pretrial investigation is addressed under *Strickland*. *Bryant v. Scott*, 28 F.3d 1411, 1414 (5th Cir. 1994). A trial attorney must conduct a reasonable amount of pre-trial investigation. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (citing *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985)); *see also Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). "[W]hen alibi witnesses are involved, it is unreasonable for counsel not to try to contact the witnesses and 'ascertain whether

their testimony would aid the defense.'" *Bryant*, 28 F.3d at 1415 (quoting *Grooms v. Solem*, 923 F.2d 88, 90 (8th Cir. 1991)); *see also Towns v. Smith*, 395 F.3d 251, 258-60 (6th Cir. 2005) (recognizing counsel's failure to conduct a reasonable investigation into a "known and potentially important alibi witness" was ineffective assistance where an investigation would have resulted in a reasonable probability of the defendant's acquittal). To demonstrate prejudice due to "a failure to investigate on the part of his counsel [a movant] must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Adekeye v. Davis*, 938 F.3d 678, 683 (5th Cir. 2019) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

Anderson argues his attorneys failed to interview witnesses before trial, but he does not state who should have been interviewed, what information they would have provided, and how it would have changed the outcome of his case. *See Adekeye*, 938 F.3d at 683; *see also Green*, 882 F.2d at 1003. He has failed to show he was suffered prejudice, and this claim fails under *Strickland*. This claim is denied.

Anderson also argues that an evidentiary hearing is necessary to address this claim. With a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977)). As discussed, this claim fails under *Strickland*. Because the motion, files, and records of

10

the case conclusively demonstrate that Anderson is not entitled to relief on this claim, a hearing is not warranted. *See* 28 U.S.C. § 2255(b); *see also Hughes*, 635 F.2d at 451. Anderson's request for an evidentiary hearing must be denied.

### 5. Negotiate a plea

Anderson summarily claims his attorneys' failure to negotiate a favorable plea agreement on his behalf deprived him of the right to effective assistance of counsel in violation of the Sixth Amendment. (Doc. 2 at 4.)  Although *pro se* filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).  Anderson's claim is vague and conclusory, and the allegations lack the necessary detail this Court needs. This claim is summarily dismissed.

### b.  Ineffective Assistance of Counsel at Trial

#### 1. Inform him of the trial strategy and affirmative defenses

Anderson argues his attorneys failed to inform him of the strategy at trial, any affirmative defenses, and the theory of the defense.  (CV Doc. 2 at 5.)  His claim that he was not properly informed of the trial strategy is conclusory and subject to summary dismissal.  To the extent Anderson argues his attorneys should have informed him of any affirmative defenses, his argument fails because he does not suggest there was a viable affirmative defense available to him.  Because Anderson has not pointed to a viable affirmative defense, he cannot show his attorneys provided deficient performance by failing to inform him of the affirmative defenses or that he was

prejudiced. For these reasons, this claim fails under both prongs of *Strickland*. This claim is denied.

### 2. Cross-examine witnesses

Next, Anderson summarily argues his attorneys failed to "[p]roperly" cross-examine the government's witnesses "to challenge their reliability and credibility." (CV Doc. 2 at 5.) He claims that the testimony provided at trial was "contradictory and wholly unreliable." (CV Doc. 7 at 20.) This court must liberally construe Anderson's filings, but it does not have to develop the arguments for him. *See Pineda*, 988 F.2d at 23. This claim is vague and conclusory, and the allegations lack the necessary detail this Court needs to address them. Accordingly, this claim is summarily dismissed.

### 3. Argue the evidence did not place him at the crime scene

Anderson argues that his attorneys failed to argue the evidence presented at trial did not place him at the crime scene when the crime occurred. (CV Doc. 2 at 5.) He further argues his trial attorneys' failure to make this argument deprived him of effective assistance by trial counsel and a "fair and reliable verdict." *Id.* Anderson contends he "wanted his attorneys to challenge the government's contention that he was at the robbery because of his cell phone location." (CV Doc. 7 at 20.) Anderson further contends Martin's argument was so hurtful to him that it helped the government prove its case. *Id.* at 20.

Under *Strickland*, a court's review of counsel's performance should be "highly deferential."466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant

12

to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021) (recognizing there are "countless ways to provide effective assistance in any given case") (quoting *Strickland*, 466 U.S. at 689).

The record reflects Anderson's attorneys employed a sound trial strategy. The government's proof relied primarily on the testimony of cooperating codefendants and cell phone records. (CR Doc. 711 at 61-68); *see also* (CR Doc. 711 at 69) (in closing argument, defense counsel noted the case was "based on two forms of evidence: cell phone data and accomplice testimony"). At trial, Anderson's attorneys cross-examined the witnesses in a manner designed to point out the lack of physical evidence tying Anderson to the crime scene. (*See* CR Doc. 710 at 19-20.) For example, Martin brought out the F.B.I. agent's seemingly mistaken belief regarding Anderson's social security number, and he also worked to raise doubts about whether the phone number the government believed was Anderson's was his phone number. *Id.* at 67-74. Anderson's attorneys also challenged the testimony provided by the cooperating codefendants on the reliability of the testimony they provided, their history for being untruthful and being engaged in criminal behavior, and their motivations for testifying against Anderson in exchange for favorable treatment in their own cases. *Id.* at 159-75, 241-46. Anderson's attorneys also emphasized that while technology may be used

to determine where a phone is located at a certain time, it does not show who was using the phone at that time. *Id.* at 290.

Anderson's attorneys also argued there was reasonable doubt regarding his guilt because the phone records did not prove Anderson was at the scene of the crime, and the accomplices who testified against him at trial were highly motivated to protect themselves. (CR Doc. 711 at 70); *see also* (CR Doc. 711 at 69-71) (defense counsel referred to the jury instructions and argued in favor of an acquittal by emphasizing the presumption of innocence and the need for proof beyond a reasonable doubt). Anderson contends his attorneys should have pointed out that the phone records had a period of inactivity around the time of the robbery, and they also never placed his phone at the scene of the robbery. (CV Doc. 7 at 20.) The strategy used by his attorneys at trial was a reasonable because the argument Anderson raises risked undermining his trial attorneys' argument there was an inability to prove Anderson was the person using that phone number. Anderson has failed to show deficient performance under *Strickland*, and this claim is denied.

### c. Ineffective Assistance of Counsel at Sentencing

#### 1. Review the PSR

Next, Anderson argues his attorneys failed to review, discuss, and explain the PSR to him prior to sentencing. *Id.* at 6. He further argues his attorney mailed him a copy of his PSR, but he claims Hill did not review it with him or explain it to him. (CV Doc. 7 at 21.)

14

The government concedes that "[t]he record does not disprove Anderson's claim that counsel did not review the PSR with him." (CV Doc. 11 at 20) (citing CR Doc. 712 at 3-7). However, even if Anderson's attorneys failed to review the PSR with him prior to sentencing, he has failed to allege prejudice. "In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh." *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). Anderson has failed to allege, much less demonstrate, prejudice. This claim fails under the prejudice prong of *Strickland*, and it is denied.

### 2. File substantive PSR objections

Anderson summarily argues that his attorneys provided ineffective assistance of counsel when they failed to file substantive objections to the PSR. (CV Doc. 2 at 6.) Anderson further argues Hill filed only one objection to the PSR regarding obstruction of justice, and it was overruled at sentencing. (CV Doc. 7 at 21-22.) This claim is vague and conclusory, and the allegations lack the necessary detail the Court needs to address it. This claim is summarily dismissed.

### 3. Argue in favor of mitigation of punishment and object to his sentence being unreasonable

Anderson summarily argues his attorneys provided ineffective assistance of counsel when they failed to argument for "mitigation of punishment and object to" his sentencing as "substantively unreasonable." (CV Doc. 2 at 6.) Anderson's claim is vague and conclusory, and the allegations lack the necessary detail the Court needs to address it. This claim is summarily dismissed.

### d. Appellate Attorney

A defendant is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985). The proper standard for evaluating a claim that appellate counsel was ineffective is the two-prong standard set forth in *Strickland v. Washington*. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

### a. Communication

Anderson summarily argues his appellate attorney, Richard A. Anderson, failed to communicate with him regarding his direct appeal proceedings. (CV Doc. 2 at 8; CV Doc. 7 at 22.) Specifically, Anderson contends that his appellate attorney should have communicated with him to discuss the issues he was raising on appeal. (CV Doc. 7 at 22.) Anderson further contends that his appellate attorney wrote him a letter about the appellate brief, but the letter written <u>after</u> the appellate brief had already been filed. *Id.* at 22-23. This claim is vague and conclusory, and it is summarily dismissed.

### b. Participate in his appeal

Next, Anderson summarily argues his appellate attorney did not allow him to participate in his appeal. (CV Doc. 2 at 8.) However, this claim is vague and conclusory, and the allegations lack the necessary detail the Court needs to address it. This claim is summarily dismissed.

### c. Raise stronger issues

Anderson argues his appellate attorney provided ineffective assistance of counsel when he failed to raise stronger appellate issues that were available. (CV Doc. 2 at 8.) Specifically, he contends his appellate attorney should have raised the following issues: (1) sufficiency of the evidence on each of the non-kidnapping counts, (2) denial of the motion to suppress cell phone records, and (3) an issue addressing the mistake regarding his social security number. (CV Doc. 7 at 23-27.) Anderson concludes if the other issues had been properly raised, there is a probability the outcome of his appeal would have been different. *Id.* at 29.

An appellate attorney need not raise a meritless issue. *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988) (noting that courts have refused to find counsel ineffective when the proposed appellate issues are meritless); *Anderson v. Quarterman*, 204 F. App'x 402, 410 (5th Cir. 2006) ("The issues that Anderson argues his counsel should have raised on direct appeal ... lack merit. As such, failure to raise these issues did not prejudice Anderson."); *see also Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981) ("The omission of alleged points of error that are deemed meritless by appellate counsel does not, by itself, constitute ineffective assistance of counsel."). The prejudice prong of *Strickland* requires a showing that the movant would have been given relief on appeal. *United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000).

Anderson's appellate attorney states other issues he considered raising, and he explained why he ultimately chose not to raise them. (CV Doc. 7 at 31.) Anderson

claims that some of these issues should have been raised on appeal, but he has failed to show the failure to raise them amounts to deficient performance under *Strickland*. Anderson has also failed to demonstrate prejudice. He summarily alleges the outcome on appeal would have been different if his appellate attorney had raised these other issues, but he has failed to demonstrate prejudice. For example, Anderson argues that the cell phone records used as evidence at his trial did not place him at the scene of the robbery. However, if his appellate attorney had raised such a claim on appeal, it would have been difficult to succeed. *See United States v. Chaney*, 921 F.3d 572, 589 (6th Cir. 2019) (jury verdicts are reviewed under a "deferential standard").

In sum, Anderson has failed to demonstrate his appellate attorney provided deficient performance or that he suffered prejudice. This claim fails under both prongs of the *Strickland* standard, and it is denied.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court will address whether the issuance of a COA is appropriate here. Under Rule 11 of the Rules Governing Section 2255 Proceedings, the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA will be issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). The applicant makes a substantial showing if he demonstrates "that jurists of reason could debate the propriety of the district court's

assessment of his constitutional claims or conclude that his claims 'are adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. Appx. 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. 322 at 327); *see Foster*, 466 F.3d at 364. Considering the specific facts of this case and the relevant law, the Court fails to find that "jurists of reason could debate the propriety" of the actions taken in this order or otherwise conclude "that [the] claims are adequate to deserve encouragement to proceed further." Therefore, the Court denies Anderson a COA.

## IV.  CONCLUSION

For the foregoing reasons, Anderson's § 2255 motion is DENIED with prejudice, and the Court DENIES a certificate of appealability.

SO ORDERED.

Signed February 14th, 2023.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE