IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREVEON DOMINIQUE ANDERSON, #07559-479, | § § § | |
| Movant, | § | |
| | § | No. 3:21-cv-02421-K |
| v. | § | No. 3:14-cr-00340-K-9 |
| | § § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion by Treveon Dominique Anderson to proceed *in forma pauperis* on appeal (doc. 24). For the following reasons, Anderson's motion will be **denied**.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir.

2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

Anderson initiated this action by filing a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 2.) On February 14, 2023, the Court denied the motion with prejudice, denied a certificate of appealability (COA), and entered judgment. (Docs. 19, 20.) At that time, the Court specifically found:

> Considering the specific facts of this case and the relevant law, the Court fails to find that 'jurists of reason could debate the propriety' of the actions taken in this order or otherwise conclude 'that [the] claims are adequate to deserve encouragement to proceed further.' Therefore, the Court denies Anderson a COA.

(Doc. 19 at 19.)

For the foregoing reasons, Anderson's appeal is not taken in good faith, and his motion for leave to proceed *in forma pauperis* on appeal is DENIED. Anderson may challenge the denial of his motion by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for

the Fifth Circuit within 30 days from the date of this order. *See Baugh*, 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

SO ORDERED.

Signed March 20th, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE